Danielle Khanna

Plaintiff,

V.

Experian Information Solutions, Inc.,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Danielle Khanna ("Ms. Khanna" or "Plaintiff"), and complains of the Defendant, Experian Information Solutions, Inc. ("Experian"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages brought by Ms. Khanna against Experian for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court.

4. Venue is proper in the District of Massachusetts because Ms. Khanna resides in Massachusetts, Experian regularly conducts business in Massachusetts, and the acts complained of were committed and/or caused by Experian within this District.

## PARTIES

5. Ms. Khanna is a natural person residing in Massachusetts and is a Consumer within the meaning of 15 U.S.C. § 1681a(c).

6. Experian Information Solutions, Inc. is a Delaware corporation with its principal place of business at 475 Anton Blvd., Costa Mesa, CA 92626. Experian is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports. As a CRA, Experian is aware of its obligations under the FCRA.

# FACTUAL ALLEGATIONS

## A. Ms. Khanna's April 2026 Consumer Disclosure

7.      On or about April 1, 2026, Ms. Khanna requested a copy of her consumer credit disclosure from Experian. See Plaintiff's Exhibit A.

8.      Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Ms. Khanna's request, Experian was required to "clearly and accurately" disclose all information in Ms. Khanna's file at the time of the request, with the limited exception that her Social Security number could be truncated upon request. Experian's April 1, 2026 consumer disclosure bears Report Number 2038-0674-12.

9.      Experian provided Ms. Khanna's consumer disclosure via its online portal at usa.experian.com. Ms. Khanna's disclosure reflects 63 accounts, 0 public records, and 6 hard inquiries.

## B. Missing and Truncated Account Numbers

10.     Experian's disclosure truncates account numbers across multiple tradelines. Pursuant to 15 U.S.C. § 1681g(a)(1), Experian is required to disclose all information in Ms. Khanna's file clearly and accurately. A CRA that always scrambles or truncates account numbers does not technically comply with Section 1681g(a)(1) because it does not provide accurate and perhaps not clear disclosure of all information in the file. See FTC Advisory Opinion to Darcy (June 30, 2000); CFPB v. Experian Information Solutions, Inc., No. 23-

cv-12018 (D. Mass. 2023). See Plaintiff's Exhibit B.

11.     On information and belief, the data furnishers reported full account numbers to Experian, and this information was contained within Experian's file regarding Ms. Khanna at the time of her request. When Experian produces and sells reports regarding Ms. Khanna to third parties including prospective creditors who accessed the 6 hard inquiries reflected on her report the full account numbers and complete account information are included in those third-party reports. The accuracy of Experian's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a)(1) as well as the contents of its file.

12.     The failure to disclose full account numbers greatly decreases Ms. Khanna's ability to understand her consumer credit disclosure, identify the accounts, and compare those accounts with her own records. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

### C. The Bank of America Charged-Off Account

### Inaccurate Balance and Credit Limit Reporting

13.     Ms. Khanna's Experian disclosure reflects a Bank of America credit card account (Account Number 426452XXXXXXXXXX; opened January 19, 2017) (the "BOA Account"). The BOA Account carries a Credit Limit of $5,000 and a Highest Balance of $2,132. The account was charged off as of May 2023, with a current reported balance of $17 as of March 2026.

14. The BOA Account is marked "POTENTIALLY NEGATIVE" and has been reported in Charge Off status continuously from May 2023 through March 2026. The payment history grid reflects Charge Off designations for all months from May 2023 through the present reporting cycle. The account is scheduled to remain on record until July 2029.

15. The BOA Account's balance histories reflect a static balance of $17 from April 2024 through February 2026, with a Scheduled Payment of $0 and a Paid amount last recorded as "$0 on 8/26/2019" across all history entries. This creates an internally inconsistent and materially misleading picture: the account is simultaneously reported as "charged off" with an active balance of $17 and a last payment date of 2019, yet the balance has been reported as identical $17 across nearly two full years of monthly history with no payment or activity. Experian's reporting of a static balance on a charged-off account without any corresponding payment context renders the tradeline misleading to prospective creditors reviewing the report.

### D. The SYNCB/PPC Account

### Balance Exceeding Credit Limit and Incomplete Payment Data

16. Ms. Khanna's Experian disclosure reflects an account with Synchrony Bank / PayPal Credit (SYNCB/PPC) (the "SYNCB Account"). Review of the full 122-page report reveals this account's tradeline data.

17. The SYNCB Account's reported Highest Balance exceeds the reported Credit Limit. A balance that exceeds the stated credit limit is a mathematical impossibility under normal

credit card account operation credit limits represent the maximum amount a lender authorizes a consumer to borrow. At no time did Plaintiff incur overlimit charges or authorize charges in excess of the stated credit limit. Experian's reporting of a Highest Balance exceeding the Credit Limit therefore misrepresents Plaintiff's actual account history and presents a materially misleading picture of Plaintiff's creditworthiness to prospective creditors reviewing the report. This same misleading effect on creditworthiness assessment is present as to each account where the Highest Balance is reported in excess of the stated Credit Limit.

18.    The SYNCB Account's Recent Payment field is blank. The absence of a Recent Payment entry renders the tradeline incomplete. Without a recent payment reference point, a prospective creditor reviewing Ms. Khanna's file cannot assess the current payment status or trajectory of this account, further degrading the accuracy and utility of the disclosure.

19.    The SYNCB Account reflects a 30-day late notation for September 2025 without accurate surrounding payment context. Experian's continued reporting of that derogatory notation in isolation without complete payment history that would contextualize whether the late payment was isolated or part of a pattern reduces the accuracy of the tradeline and presents a misleading picture of Ms. Khanna's creditworthiness to prospective creditors. The incomplete surrounding payment context prevents Ms. Khanna from meaningfully verifying the accuracy of the 30-day late notation against her own records.

**E. Prevalence of Experian's Account Disclosure Deficiencies**

20.    On information and belief, Experian's consumer disclosures are generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form. On information and belief, this same template is used virtually every time a consumer requests their file from Experian through annualcreditreport.com or Experian's own portal.

21.    Due to widespread systemic problems, Experian's automated systems omit full account numbers and complete payment history context reported by data furnishers. Experian knows of these errors but, despite such knowledge, has yet to correct them.

22.    Experian's error has therefore likely affected thousands of consumers. Experian's knowing and repeated conduct warrants an award of punitive damages.

**F. Plaintiff's Pre-Suit Dispute and Experian's Failure to Reinvestigate**

23.    Approximately three to four months prior to the filing of this Complaint, Ms. Khanna sent a written dispute to Experian via certified mail with return receipt requested, identifying the specific inaccuracies described herein, including: (a) the truncated and incomplete account numbers across multiple tradelines; (b) the materially misleading balance and payment history reporting on the Bank of America charged-off account; (c) the Highest Balance exceeding the Credit Limit on the SYNCB/PPC account; and (d) the blank Recent Payment field and incomplete payment context on the SYNCB/PPC account.

24.    Upon receipt of Ms. Khanna's dispute, Experian was required under 15 U.S.C. §

## G. Damages

27.   As a direct and proximate result of Experian's violations of the FCRA, Ms. Khanna has suffered actual damages.

28.   Ms. Khanna's consumer report has been disseminated to third parties. Experian's April 1, 2026 disclosure reflects 6 hard inquiries, establishing that Experian has transmitted Ms. Khanna's consumer report containing the inaccurate and incomplete information described herein to at least 6 prospective creditors. This third-party dissemination establishes concrete, particularized harm sufficient to confer standing under TransUnion LLC v. Ramirez, 594 U.S. 413 (2021).

29.   Specifically, as a result of the inaccurate information Experian has disseminated in Ms. Khanna's consumer reports, Ms. Khanna has been unable to qualify for credit on favorable terms, has suffered damage to her reputation with prospective creditors, and has experienced ongoing emotional distress and loss of sleep. The inaccurate information has caused Ms. Khanna great frustration and emotional distress when attempting to understand her credit report and verify its accuracy against her own records.

1681i(a)(1) to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate within 30 days of receiving the dispute, and to record the current status of the disputed information or delete it from the file.

25. Experian either failed to correct the identified errors or failed to respond adequately to Ms. Khanna's dispute. The inaccuracies and omissions identified in Plaintiff's dispute remain present in Ms. Khanna's April 1, 2026 consumer disclosure, demonstrating that Experian's reinvestigation if conducted at all was unreasonable and constituted a rubber-stamp verification in violation of 15 U.S.C. § 1681i.

26. On information and belief, Experian routinely fails to conduct meaningful reinvestigations of consumer disputes, instead transmitting disputes to furnishers via automated consumer dispute verification ("ACDV") forms that do not convey the full substance of consumer disputes, and then mechanically accepting furnisher verifications without independent review. This pattern of conduct demonstrates willfulness within the meaning of Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), because Experian's conduct involves not merely an erroneous application of the FCRA but an objectively unreasonable reinvestigation process that Experian knew or should have known violated the statute.

# COUNT I

## VIOLATION OF 15 U.S.C. § 1681g(a)(1)

### (Failure to Clearly and Accurately Disclose All File Information)

30.     Ms. Khanna adopts and incorporates paragraphs 1 through 29 as if fully stated herein.

31.     Experian violated 15 U.S.C. § 1681g(a)(1) when responding to Ms. Khanna's request for her consumer disclosure by failing to clearly and accurately disclose to Ms. Khanna, a Consumer, all of the information in her file at the time of the request.

32.     Specifically, Experian disclosed multiple accounts including but not limited to the Bank of America account (426452XXXXXXXXXX) and the SYNCB/PPC account without disclosing full account numbers, without complete payment history, and without the complete account information reported to Experian by the respective data furnishers.

33.     The failure to disclose full account numbers, missing account information, and payment history violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. See Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019).

34.     Experian's failure to accurately, fully, and clearly disclose the information within its files regarding Ms. Khanna deprived her of her statutory right to a full and complete disclosure of the contents of her file upon demand, clearly and accurately presented. 15 U.S.C. § 1681j.

35.     Experian's failure to disclose all of the information in Ms. Khanna's credit file in her

consumer disclosure was willful and is an intentional violation of 15 U.S.C. § 1681g(a)(1), motivated by Experian's desire to avoid costs and increase profits. Experian's knowing and repeated conduct warrants an award of punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, Experian's conduct was negligent, rendering Experian liable pursuant to 15 U.S.C. § 1681o.

## COUNT II

## VIOLATION OF 15 U.S.C. § 1681e(b)

### (Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy)

36.     Ms. Khanna adopts and incorporates paragraphs 1 through 29 as if fully stated herein.

37.     Experian violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information in Ms. Khanna's consumer reports.

38.     Specifically, Experian's reporting of a Highest Balance exceeding the Credit Limit on the SYNCB/PPC account constitutes a mathematical impossibility under normal credit account operation. A reported balance in excess of a stated credit limit cannot reflect a consumer's accurate account history in the absence of overlimit transactions. At no time did Ms. Khanna incur overlimit charges or authorize charges in excess of the stated credit limit. Experian's reporting of a Highest Balance exceeding the Credit Limit therefore misrepresents Ms. Khanna's actual account history and presents a materially misleading picture of her creditworthiness to prospective creditors reviewing the report.

39. Additionally, Experian's reporting of the Bank of America charged-off account with a static $17 balance, a Scheduled Payment of $0, and a last payment date of August 2019, without any updated payment or activity information across nearly two years of monthly balance histories, fails to present a maximum-accuracy picture of that tradeline to prospective creditors.

40. Experian's continued reporting of the 30-day late notation on the SYNCB/PPC account for September 2025 without accurate surrounding payment context further reduces the accuracy of the tradeline and fails to reflect the maximum possible accuracy required under § 1681e(b).

41. Experian's violations of 15 U.S.C. § 1681e(b) were willful within the meaning of Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007). Experian knew or should have known that reporting Highest Balances in excess of Credit Limits, maintaining static charged-off balances without payment context, and omitting complete payment history violated the FCRA's maximum accuracy requirements. Experian's conduct is not merely an erroneous application of the FCRA but an objectively unreasonable procedure that Experian knew or should have known violated the statute. Alternatively, Experian's conduct was negligent, rendering Experian liable pursuant to 15 U.S.C. § 1681o.

# COUNT III

## VIOLATION OF 15 U.S.C. § 1681i

### (Failure to Conduct a Reasonable Reinvestigation Following Dispute)

42. Ms. Khanna adopts and incorporates paragraphs 1 through 29 as if fully stated herein.

43. Approximately three to four months prior to the filing of this Complaint, Ms. Khanna disputed the inaccurate information described herein directly to Experian via certified mail, thereby triggering Experian's mandatory reinvestigation obligations under 15 U.S.C. § 1681i.

44. Upon receipt of Ms. Khanna's dispute, Experian was required under 15 U.S.C. § 1681i(a)(1) to conduct a reasonable reinvestigation within 30 days to determine whether the disputed information was inaccurate, and to record the current status of the disputed information or delete it from the file.

45. Experian either failed to correct the identified errors or failed to respond adequately to Ms. Khanna's dispute. The inaccuracies identified in Ms. Khanna's dispute remain present in her April 1, 2026 consumer disclosure, establishing that Experian's reinvestigation, if conducted at all, was unreasonable.

46. Experian's failure to conduct a reasonable reinvestigation and correct or delete inaccurate information following Ms. Khanna's dispute constitutes a violation of 15 U.S.C. § 1681i. Experian's violations were willful within the meaning of Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007). Alternatively, Experian's conduct was negligent, rendering

Experian liable pursuant to 15 U.S.C. § 1681o.

# PRAYER FOR RELIEF

WHEREFORE, Ms. Khanna respectfully requests that this Honorable Court enter judgment against Experian and award the following relief:

a.      Statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.      Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A) and/or 15 U.S.C. § 1681o(a)(1);

c.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

d.      Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and

e.      Such other and further relief as this Court deems just and proper.

Respectfully submitted,

_Danielle    Khanna_

Danielle Khanna

10 Apple Rdg. APT2

Maynard MA, 01754-2718

Date: April 03, 2026

## **EXHIBIT**

Exhibit A: Experian Consumer Disclosure dated April 1, 2026, Report Number 2038-0674-12.

Exhibit B: FTC Advisory Opinion to Darcy (June 30, 2000).

Exhibit C: Documentation showing truncated/incomplete account numbers and missing payment history data.